owners of the mill and condemned land, and complainants claim title through them.)

THE CHANCELLOR. The right of the party should be established at law, and the precise place ascertained, upon which a writ of injunction might be fixed, so as to protect the party from any wrong. This has not been done, and indeed there is no proof that any timber or stones have been taken from the condemned land, nor any threats or danger that such will be the case. The complainants had an opportunity to try their rights at law; they neglected to do so. The bill must be dismissed with costs to defendants.

THOMAS McDONALD v. ARCHIBALD McDONALD, ROBERT GREY and AMEY, his Wife, JAMES McDONALD and MOLLY, his Wife, ABIGAIL McKEE, ELIZABETH GIFFIN, AMY KASSIN, CATHARINE ROBINSON, JOHN HANNA and LYDIA, his Wife.

Court of Chancery. New Castle. August 26, 1818.

*Ridgely's Notebook II, 263.*

MOSES COCHRAN v. JOHN T. COCHRAN, Administrator of John Cochran.

Court of Chancery. New Castle. August 27, 1818.

*Ridgely's Notebook II, 265.*

[After the report of a lengthy adjudication, the following entry is found, *Ridgely's Notebook II, 270:*]

April 21, 1819 this day it is agreed between the parties to this suit, that the sum of fifteen hundred dollars, is due to